UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| METROKANE, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>HOUDINI, INC.,<br><br>        Defendant. | Case No. 08-CV-5841 (NRB)<br>ECF Case |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HOUDINI, INC.'S MOTION TO STAY OR TRANSFER

**I.  INTRODUCTION.**

Houdini, Inc. ("Houdini") designs, promotes and sells gift baskets under the trade name and trademark HOUDINI. Those gifts baskets often contain wine and wine accessories, such as corkscrews, and are sold to wine shops, wineries, liquor stores, wholesale clubs and large retailers. At a time well after Houdini's adoption and use of the HOUDINI mark, Metrokane Corporation ("Metrokane") began using the HOUDINI mark in connection with the sale of corkscrews to some of the same customers that Houdini serves.

Unaware of Houdini's prior use of the HOUDINI mark, the Trademark Office granted Metrokane a registration for the mark HOUDINI for use on corkscrews. Houdini sought to cancel this registration based upon its prior use of the mark and the likelihood that Metrokane's registration of the mark would create confusion and damage Houdini. The Trademark Trial and Appeal Board ("TTAB") of the Trademark Office agreed with Houdini and granted Houdini's petition to cancel Metrokane's registration. Immediately thereafter, Houdini filed and served upon Metrokane an action for trademark infringement in the Central District of California (the "California action"), where Houdini is located. Houdini's prior action seeks an injunction and damages.

Metrokane filed an Answer in the California action. However, it did not assert any related counterclaims in that first filed action. Rather, in a blatant attempt to forum shop, Metrokane filed the present separate action purportedly seeking just an appeal of the TTAB decision. However, the relief sought by Metrokane in this later filed action is, in part, entirely inappropriate to the appeal of a TTAB decision. Specifically, Metrokane seeks to enjoin Houdini's use of the HOUDINI mark, an issue not before the TTAB. As such, the present action is a transparent effort by Metrokane to shift the entire dispute to a forum more to Metrokane's liking. This Court should not condone such forum shopping and should either stay the present action or transfer it to the Central District of California for consolidation with the first filed action.

## II.   STATEMENT OF FACTS.[1]

The TTAB issued its decision canceling Metrokane's registration for HOUDINI on May 1, 2008. Schwartz Decl., ¶ 1. On May 9, 2008, Houdini filed an action for trademark infringement and unfair competition against Metrokane in the Central District of California where it is located. *Id.* ¶ 2. Houdini's places of business are in Fullerton and Buena Park, California, and its witnesses and records are located within the Central District of California. Dean Decl., ¶ 2.

Houdini's first filed action seeks an injunction and damages and will involve issues of priority of use and likelihood of confusion. See Schwartz Decl. ¶ 3, Exh. A. Metrokane has asserted an affirmative defense of laches in the California action based upon Houdini's alleged "unreasonable delay" in asserting its rights. Thus, all of the issues raised in the present action as well as additional related issues have already been joined in the prior California action. Moreover, the issue of who will have the right to ongoing use of the HOUDINI mark has been properly raised for resolution in the first filed action. Schwartz Decl., ¶¶ 2-4; Exhs. A and B.

The Complaint in the California action was served on May 13, 2008. *Id.*, ¶ 4. After

---

[1] The facts in this memorandum are supported by the declarations of Timothy J. Dean ("Dean Decl.") or Edward R. Schwartz ("Schwartz Decl.") submitted herewith.

requesting and receiving Houdini's stipulation to a couple of extensions of time to respond to the Complaint, Metrokane filed an Answer in the California action on June 25, 2008. Metrokane asserted affirmative defenses in that action of priority of use, likelihood of confusion and laches, thereby placing in issue in that case everything that came up in the cancellation proceeding before the TTAB and everything at issue in the present action. *Id.*, ¶¶ 2, 5, 6, Exh. B. Yet, Metrokane did not assert any counterclaims in the first filed California action. *Id.*, ¶ 5, Exh. B.

Instead, just two days after filing its Answer in the prior action, Metrokane commenced this present separate action seeking appeal of the TTAB decision. The claim in the present action could, and indeed should, have been brought by Metrokane as a compulsory counterclaim in the first filed action. Houdini just recently filed its Answer in the present action and now promptly seeks, through the present motion, to have this action stayed or transferred. On the other hand, Houdini filed a motion for preliminary injunction in the first filed case on July 7, 2008. That motion is presently under submission with the Court. Accordingly, the first filed action is moving forward and the Court in that case has already begun to deal with substantive issues in the case. *Id.*, ¶ 7, Exhs. C - E.

### III.  ARGUMENT.

#### A.  The First-to-File Rule Applies.

When parties sue each other in different federal courts, the first-filed action is generally given priority and allowed to proceed. "There is a generally recognized doctrine in federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); Accord: *Adam v. Jacobs*, 950 F.2d 89 (2d Cir. 1991). The first-to-file rule may be invoked when a complaint raising the same issues against the same parties has previously been filed in another district court. *Adam*, 950 F.2d at 93; *S-Fer Intern., Inc. v. Paladian Partners Ltd.*, 906 F.Supp. 211, 216-17 (S.D. N.Y. 1995); *Generale Bank, New York Branch v. Wassel*, 779 F. Supp. 310, 313 (S.D. N.Y. 1991). The first-to-file rule was developed to serve the purpose of promoting efficiency and should not

be disregarded lightly.  *Hanson PLC v. Metro-Goldwyn-Mayer, Inc.*, 932 F.Supp. 104, 106 (S.D. N.Y. 1996) citing *Motion Picture Lab. Technician Local 780, I.A.T.S.E. v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986) ["In deciding which of two parallel actions should proceed, the general rule in this Circuit is that 'the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second.'"  *Id.* at 106.]

### 1. The California Action is The First Filed Suit.

The chronology reveals that the California action preceded the present action by more than six weeks.  Moreover, the issues are essentially identical and the two suits involve the same parties.  Indeed, despite Metrokane's failure to assert a counterclaim in the prior California action, that action will resolve the identical issues presented in the TTAB proceeding -- who was the prior user of the HOUDINI mark, whether confusion is likely to be caused by both parties' use of the HOUDINI mark, and whether Houdini's claims are barred by laches.  Further, the prior California action will also resolve the ultimate issue of who has the right to ongoing use of the mark, an issue not present in an appeal of a TTAB decision which deals only with registration of a mark.  Thus, the prior action represents a faster, fuller, and more cost effective resolution of the ultimate issue between the parties than two parallel actions -- one in New York, the other in California.

### 2. The Balance of Convenience Does Not Tip in Metrokane's Favor.

The Central District of California, where the prior related action is already proceeding, is clearly more convenient than this court for Houdini and its witnesses because Houdini and its witnesses and records are located in Southern California.  In contrast, Metrokane and its witnesses and records are most likely located in New York.  As such, the balance of hardships is even and therefore Metrokane cannot meet its burden of showing that the balance of hardships tips in its favor.  *See: S-Fer*, 906 F.Supp. at 215, 216 ["In enforcing the first filed rule, this Court finds a transfer to California [from New York] would do no more than shift the burden of transporting documents from one coast to the other.  A zero-sum exchange of burden does not

favor a transfer."]  Accord, *J. Lyons & Co., Ltd. v. Republic of Tea, Inc.*, 892 F.Supp. 486, 492 (S.D. NY 1995)

### 3. There Are No Exceptional Circumstances in This Case.

The present action could have been brought in the Central District of California.  It is an action for review of a TTAB decision initiated under 15 U.S.C. § 1071(b).  That section of the Lanham Act provides for special jurisdiction and venue in the District of Columbia in cases of multiple defendants residing in a plurality of judicial districts in different states or in a foreign country.  *E & J Gallo Winery v. Candelmo*, 192 U.S.P.Q. 210, 211 (D.C. D.C. 1976).  However, it is silent as to cases where, as is true in present case, there is a single defendant within the United States.  *Id.*  Thus, the general jurisdiction and venue laws apply.  *Id.*  Under 28 U.S.C. § 1391(b), this action, not founded solely on diversity of citizenship, could have been brought in the Central District of California either because it is where Houdini "resides" or because it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  See *Id.*  at 212.

The "special circumstances" exception to the first filed rule is found in cases where forum shopping alone motivated the choice of situs for the first suit  (*800-Flowers, Inc. v. International Florists, Inc.*, 860 F.Supp. 128, 132 (S.D. N.Y. 1994); *Hanson*, 932 F.Supp. at 106-107, n.2) or the first filed suit was a declaratory judgment action.  (*Hanson*, 932 F.Supp. at 107).  Neither of these circumstances or any other special circumstances is present here.  Consequently, Metrokane can not meet its burden of showing that special circumstances exist justifying departure from the first filed case rule.  *Id.*, 932 F.Supp. at 106.

### IV. CONCLUSION:

The California action involves the same parties and same factual and legal issues as this case and was filed before this action was commenced.  The balance of convenience does not favor Metrokane and there are no special circumstances which favor departure from the first filed case rule.  Consequently, the interests of judicial economy in avoiding parallel duplicative actions favor either staying this action until final resolution of the California action or

-6-

transferring this action to the Central District of California where it can be consolidated with the existing action.

                                    Respectfully submitted,

DATED:  July 31, 2008           By    s/ Edward R. Schwartz
                                      Edward R. Schwartz
                                **e-mail:  ers@cph.com**
                                **CHRISTIE, PARKER & HALE, LLP**
                                **350 West Colorado Blvd., Suite 500**
                                **Post Office Box 7068**
                                **Pasadena, California 91109-7068**
                                **Phn:  (626) 795-9900**
                                **Fax:  626-577-8800**

                                Attorneys for Defendant,
                                Houdini, Inc.

ERS PAS806327.1-*-07/31/08 1:27 PM